vs. Lexington Place Condominium Association, Inc. 22-11875 I'll give the lawyers a chance to get set up. All right, and I'm going to mispronounce the first name. Ms. Hernandez, you have 12 minutes and you're saving three for rebuttal. The Federal Debt Collection Practices Act defines a debt as any obligation or alleged transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not the debt is reduced to judgment. That definition contains a number of terms that are undefined in the Act itself. One definition that is defined in the Act is consumer. The definition of consumer is any natural person obligated or allegedly obligated to pay any debt. In this case, to go through the analysis of whether or not the debt before the trial court constituted a debt, the lower court looked only at one factor, the plaintiff's intent  Our position is that the ruling below was an error because it looked at only that factor. When you look at the additional factors which we presented to the court by way of evidence, testimony, argument, and law, you reach a different result. Let me ask you one quick question just so that I make sure that I understand based on what happened below and what's being argued here. Are you arguing that even though your client bought the condominium as an investment property, it's a debt primarily for personal, family, or household purposes because he's an individual and because it's a home? That's part of the argument, yes, Your Honor. Yes. As long as an individual buys a condominium, a home, a townhouse, if it could be a residential dwelling for someone, it doesn't matter that it was bought as an investment property. The focus here, and this is where the trial court was misled. The focus here is on the transaction that's at issue. The transaction in this case, an Oppenheim by the circuit made clear, you need to be very clear on what transaction you're looking at. The trial court was focused on the purchase transaction. There was no debt out of the purchase transaction. This property was bought in cash. The only debt that arose, arose out of a derivative obligation from the declaration, which any buyer is required to enter into with the association under which they're required to pay assessments. You're arguing then that we should be treating a cash transaction differently than when someone enters into a mortgage. What's the legal basis for why we should treat those differently? It's not necessarily that I'm arguing that that transaction should be treated differently. My argument is the transaction that's at issue here is the transaction with the association. That transaction is where the debt arose from. There was no debt in the purchase transaction because he paid cash. We have the Agrello, we have Newman, where they're linking the HOA fees to the purchase of the home. How do you avoid that operation of those cases? Don't avoid them. I think they're on point. The purchase transaction, again, the contract with the association is a derivative obligation from the purchase transaction. You wouldn't have to pay assessments if you didn't buy the property. That's the only reason you're paying the assessments in the first place. The debt at issue in this case was never about a mortgage. It was never about the acquisition of the property per se. It was about whether or not he paid the assessments that he was contractually obligated to pay under the declaration and Florida statutes. That's where the case arises from. Can I ask a couple questions regarding standing? Yes, sir. Okay. We're at the trial phase, right? It was a full-blown bench trial in this case. It was a bench trial. It was divided into two parts, but yes, the bench trial, the first phase was on the issue of the debt. As I understand it, the way standing works is at each stage, the obligation rests on you as the plaintiff to present at the complaint stage, allegations. At summary judgment stage, some evidence, and then at trial, evidence, more likely than not if it's a civil case like this one, to be able to show that you have an injury that's traceable and redressable in the case, right? Correct. Okay. Where is the evidence in this trial record that your client was injured by the three documents that are at issue in counts one, two, and three, or the three counts? Letter number one that was sent to him but got to his friend. Letter number two that was sent to him that got to his friend. And then ultimately the state court lawsuit. His injury came from having to defend himself in the lien foreclosure case. It was a wrongfully brought lien foreclosure case. Show me where in the trial record, because again, we're at trial, that he testified that he was injured in some way. In other words, not that he had to defend himself, but that he had to take money, take time out, do something linked to each of those three things, because remember, standing's not engrossed. It applies to each individual count. If I can get to my ... Well, I don't want you to ... I didn't ask you just to take you off your game. So if you want, feel free to look at ... You have three minutes on rebuttal if you want to come back up and rebuttal while your co-counsel helps you out and looks at that. I'm interested in that. But those are ... I have some threshold questions about standing here. Because while I may see evidence in the summary judgment record, I don't know, and I'm having trouble finding evidence linking to each of those three things, an injury for ... An injury to your client that was testified to or presented evidence of at the hearing. I'm just ... Okay. Thank you. Going back through the analysis of what the trial court was required to go through, the trial court had to consider whether or not the plaintiff was a consumer as defined in the act. It is undisputed that the plaintiff was a natural person, so he falls under the act. The next prong considers whether or not he had an obligation to pay. It was undisputed he had an obligation to pay, thus the lien for a closure case that was brought against him. The language on the deck on its face holds him personally liable. It seems to me that you're arguing ... I know you're framing it a certain way, but it seems to me that you're arguing that the district court made a legal error. And that legal error is in requiring the third element that you're about to tell us, which is that it has to be primarily for the purpose of residential or the three things it says in the statute. That it linked it to the use of the consumer that made the debt as opposed to any particular person that's out there. In other words, the district court seemed to read the statute to require that the primary purpose has to be the primary purpose of the consumer who undertook the debt. And what you're telling us is the statute doesn't require that. The statute just says it has to be for this purpose primarily and it doesn't link it to any particular consumer. That's right, your honor. And that seems to be the legal issue that we have to decide. That's right, your honor. Because if the district court is right about interpreting it, then you would be wrong and here there wouldn't be a link. You agree there's no evidence that it wasn't used for your client's primary residential purpose or the three things that are in the statute, right? We're not disputing that our client lived at the property for purposes of this appeal. So if the district court's reading of the statute is right, you would lose? Yes. Okay. And we did. But if the district court is wrong in its reading, your argument is because this is a condominium association and because it had amenities that were for residential use and for recreational use for everybody, that the debt was undertaken for primarily that purpose. That's your argument, right? That is correct, your honor. That is correct. And on that we turn to, that's why it's consistent with Agrello, this court's holding in Agrello, which had previously held that HOA assessments are a debt under the act. And it relied on Newman, which gave the analysis. But that was not dealing with an investment property. That was dealing with somebody who lived in the home and it was their, I think, primary residence. Correct. Okay. So how is that not distinguishable here? When you have a finding that you are not contesting that your client, that this was an investment property. How is it not distinguishable? It seems to be, it seems distinguishable. So how are you relying on Agrello when that seems to be a very significant factual distinction? That is a factual distinction. However, the underlying analysis of the service that's being provided, which is the subject of the transaction, doesn't change from one owner to the other. Every owner that buys, whether it's a company, whether it's an individual, it doesn't matter who you are. You are liable for the assessments. However, you don't fall in if it's being used for the wrong purpose. For example, those are the mortgage cases that you hear them talking about. Those mortgage cases are distinguishable because they're being used to acquire a property that is for a business purpose. That's a different kind of transaction. You have different parties. The parties to a mortgage transaction are the lender. In this case, there was no purchase. The purchase was between the owner and the seller of the property. The transaction between the condominium association is the condominium association and the owner. The service is being provided. In one transaction, it's the acquisition of a property. Another one, it's the service being provided. It can't be true though, counsel, that, and I know what Agrello says, and I share some of the skepticism that Judge Branch has, that it applies as broadly. It can't be that every HOA assessment debt automatically goes to personal, family, or household purposes, right? It doesn't have to be. It has to be primarily for that purpose. Sure. I'm sorry. Primarily for that purpose. It has to be primarily for that purpose. But not every HOA would be primarily for those things, right? I mean, it depends on how the HOA is structured, isn't it? It depends on the declaration, sure. Every declaration can be different, although typically most of the declarations are using assessments for maintaining accounting elements. Which is why the evidence matters here. In other words, what evidence, point me to what evidence in this record showed that the debt was undertaken primarily for personal, family, or household purposes? The declaration, which is in volume two, talks about how he cannot waive his obligation to pay at 13.1, okay? The declaration at articles 2.13, 2.14, and 2.17 talks about how the assessments are used to pay common elements. Common elements in the association are the pool, the gym, the roof. Was that an evidence of what the common elements were here? In this case? Yes. It's in the declaration. So it says in the declaration that the common elements include the pool, the gym. I don't recall specifically the listing that's in there. Our client testified these are the ones that he's expecting to get paid as he goes into the contract with the association. The definition of what the common elements are is inside the deck. What other evidence is there that the debt was undertaken primarily for personal, family, or household purposes? It's not that the debt be undertaken for that purpose. It's what's the subject of the transaction. The obligation of the consumer to pay arising out of the transaction, which is the subject of the transaction, are primarily for that. Right. That the services, which are the subject of the transaction, are primarily for that purpose. What other evidence is there that this debt, the HOA, was primarily for personal, family, or household purposes? Well, the judge himself recognized at trial that he knew how associations worked, and we were bringing in the evidence of what the declaration paid for, and that that's what they paid. The assessments were used to pay for the maintenance of the common elements. I see my time is up, Your Honor. But you do have three minutes for rebuttal, so thank you. Thank you, Your Honor. And Ms. Tomasi, you may proceed. If I walk away without my pen, I will need to write something down. May it please the Court, my name is Marie Tomasi. I'm here on behalf of the appellees, of course, Business Law Group, and LM Funding. And I think I'm going to just jump right into the substance of the discussion you all are having, because you've hit a couple of points right on the head, and one thing that I don't know that we raised in our brief, but perhaps I should have, was the standing question. We have to be comfortable that there is standing, regardless of whether it was raised or not. So if you could start there, that'd be great. I know what's in the complaint. I know what's in the summary judgment record, and I've read the trial record here. And my question simply is, now that we're in the trial stage, what evidence was there that letter one, letter two, that's what I'm calling the two counts related to the letters, and the filing of the lawsuit caused an injury here that is traceable to those things? Understood, Your Honor. I do follow what the court is saying, and we are fortunate here that the actual trial record is very brief. It's about a 135-page transcript, so I've read it a few times, which is a luxury in most appeals. And I will tell the court that I am unaware of any evidence that was presented at trial by the appellant that he suffered an injury from the receipt or someone else receiving the letters. Was there evidence? Your opposing counsel said when I asked her, and I understand that it was a question maybe out of left field, but when I asked her, she said that there was evidence that he testified that he had to defend himself in state court as a result of the lawsuit. That goes to at least one of the counts. Would that be, assuming that is the state of the evidence, would that be sufficient to show an injury? Your Honor, I'm uncertain about whether that evidence is in the transcript because I have no recollection of it. I would tell you no, it's not. But, of course, I wasn't really looking for standing. Assuming that is in the record. Assuming it's in there, yes. I understand that part of the question to be saying, if I assume it's there, is it sufficient for standing? I don't think it's sufficient for standing, but I feel a little bit bad to say this out loud, but I don't know because I didn't brief it, so I didn't research it. This is one of those where I may ask our presiding judge at some point to ask for supplemental briefing at some point on that, but you don't have to worry about that at the moment. Okay. Thank you, Your Honor. If the court would like supplemental briefing on that issue, we're, of course, happy to do it, but I don't think you need it because I think you can affirm the district court judge based on his ruling. He did exactly what the FDCPA tells him to do, which is walk through the steps to analyze the nature of the debt. The question is the nature of the debt or the obligation in this case to pay assessments has to be looked at at the time it's incurred and what was the purpose for which the borrower undertook that obligation. Mr. Matos' testimony was repetitive and unmistakable, although lots of conflict on what he intended to do with the condominium. Let's assume, I know there's testimony and I know the district court found and I don't think there's clear error to overcome the finding that he bought it for investment purposes. I'm with you on that. Right. But I guess the question is, does that necessarily mean that the property was not primarily for the property that's subject to it, the debt, that subject here, the HOA debt, was not primarily for personal, household, or whatever the third thing is that I'm forgetting, family purposes? Well, yes, it would in this situation have to say that because here's the problem. If you have the transaction as a whole is buying the condominium, which comes with the obligation to pay the assessments, you can't buy the condominium without being obligated to pay the assessments. Right. So if it's an investment to buy the condominium, then paying the assessments is part of that investment transaction. There's no doubt about that. But my question is, if what you're buying and what the assessment is for is to pay for things like maintaining a residential property that people live in, maintaining a pool for people to use, maintaining a gym for people to use as part of the amenities, how is that debt not undertaken for family, residential, or household purposes? Well, the Fair Debt Collection Practices Act tells us to look at the borrower's purpose in undertaking the debt. Where does it say that? You may be reading that from some case. I'm reading that from case law, Your Honor. That's correct. I know that there's some middle district case law that says that, but I haven't seen anything where we've said that. And if you look at the statute, I'm having trouble finding that it requires the link between the consumer's purpose and what the purpose of the transaction, the subject of the transaction has to be. What was the subject of the transaction for the personal use, family use, or household purposes of the debtor? The problem is it doesn't say of the debtor. It just says, I'll read it to you. I'm sorry. Go ahead. That's OK. I don't mean to cut you off, Your Honor. I'm familiar with the language, and I understand what you're saying, but it's not just the middle district of Florida. There are many cases that have said you look at the intent of the buyer, or the debtor, or in some languages, the plaintiff, right? Because these cases start with the debtor plaintiff. Let me be clear. I agree that you look at their intent. I think that's completely relevant. That's separate from the intent has to be for his use rather than for these purposes at large. Oh, OK. I understand better now. Thank you, Your Honor. So what I'm going to say is that if that is the case, that what Congress apparently then should have done is wrote in the FDCPA that HOA assessments are always for personal, household, and family debt, and they're always going to be covered by the act because regardless of whether the purchase- We said that in Agrula. Now, I tend to agree with the implication of Judge Branch's questions that that language is dicta. It's not holding for us. But that's essentially what we said in Agrula. Well, except I think in Agrello, the court went a little bit out of its way to note that the debtors were homeowners, right? So there is a little bit of a distinction there. If you buy something for business, it's undisputed, indisputable, one word or the other, that the act does not cover debts that arise from a business transaction. It's not for business purpose. They're not trying to protect the businessman or woman. So if the law is going to be that because homeowners assessments are generally, and I don't pretend to know if it's universally true, but are generally used to maintain the property, that that should be covered by the act, then Congress needs to write the law that way. But the way it is now, it tells you what to look at. Congress doesn't need to write a law that covers one specific kind of debt. It writes a law that applies to lots of different things. But that doesn't mean that that thing can't almost always be covered by it. Well, the magic language might be almost always there, Judge, but the statute does tell you what to look at and what the district court looked at each step of the way and came to the conclusion that Mr. Matos bought that condo. And when he bought the condo, he bought it for an investment and he had to undertake the obligation of the HOA, which is always true. What if the testimony, I'm not saying this was the testimony, but what if the testimony was I bought the condo as an investment property because I live in Brazil and I heard I can make a lot of money buying residential retail, residential property in the Orlando area because a lot of Brazilians like to go visit Disney World and people will stay there and rent it as a short term rental. And I know that by doing this, I'm undertaking it so that families can stay there, so that they can go to Disney World and they can have a pool and they can have a gym and a safe property with a gate so that they can partake in the property. Why would that not be sufficient or would it be sufficient? That would purpose, that would clearly establish a commercial purpose in buying. But not his, right? You agree with me that that's not his commercial purpose, meaning it's not used for the consumer. It's just, it's going to be used for those purposes and he intended it to be used for those purposes, right? He would have, if that testimony were in the record, he would have been saying, I admit fully that this is an investment property for me and the Fair Debt Collection Practices Act does not cover commercial transactions. So in your view, it has to be. You have to look at the transaction as a whole. You have to look at the consumer's intent to use the property, not his purpose in buying it, but his intent in using the property. Because that's what you're saying. In other words, the hypothetical I gave you, he's saying, I'm buying this for families to use and for it to be used residentially for people short term to come so they can enjoy the amenities and go to Disney World and a safe property. But they're not the debtors. Those visitors to his condominium are not the debtors. So the purpose has to be the purpose of the debtor him or herself. Yes, and if not, if we're going to say that it's the broader use and what we're going to really look at is what the creditor does with the money when they get the money, then we're effectively saying that HOA's assessments are always going to be covered by the Act regardless. In which case, you could have an individual like Mr. Matos who owned two condominiums by the time the case went to trial in the same place. Both for investments, who's going to then pull out the protection of the FDCPA over his investments, which the FDCPA says this is not a commercial protection. Does it matter that he purchased this condominium in a cash transaction without a mortgage? No, that's not relevant because it's part of the same transaction. He could not have purchased that condominium for cash, for check, for wire transfer, any other way without becoming obligated for the assessment. Are you conceding that the creditor doesn't need to know why, whether it's a consumer or not, in collecting the debt? Is it irrelevant what's in the mind of the party collecting as to whether or not the other person is a consumer? I'm not sure, Your Honor, that I follow the question in the context of our facts. Well, put the facts from an analytical point of view. Okay. This protects consumers. Yes. Using the money for familial purposes. That's the idea. It protects consumers from being treated in certain ways for owing money. Versus some other debtor. Well, now, I think what you're maybe asking is, does it matter that the assessments benefit others? No, no, no, no, not benefit others. You're having a transaction. He bought this condominium, and the assessment went with it. Yes, sir. Okay. So the question I have is the state of mind of the seller who's going to try to collect the debt, as it were, is that irrelevant? I see. Somebody comes in and says to the seller, I'm buying a piece of investment property. I'm going to lease it out. Okay. Then he defaults. Right. Is it relevant that that's known? Well, it's only relevant when somebody brings a lawsuit and says, you violated the Fair Debt Collection Practices Act. Right. And the creditor says, no, this doesn't fall under the act. This is what happened. Because it's a business. Is that relevant? I think it's relevant. Okay. I think that the court... Otherwise, the debtor is in a position deciding whether or not the act applies. Okay. And in this case, I think that the problem is that if we say that the act applies, regardless of Mr. Matos' intent right from the beginning to use it as... Well, whatever it was, he decides, well, that's all subjective. That's litigation position. He decides whether the act applies. Is that the scheme we have? You know, Your Honor, he has to prove his case. Well, I understand that. Well, the judge heard him and the judge passed credibility standards here. That's correct. Yeah. And the judge did not believe his testimony. I understand that. So the judge is looking at what happened at the time, regardless of what they're saying at the trial. That's right. As he's supposed to. My sole question is whether or not you have a scheme here that the legislature has established in which somebody decides whether he's a consumer and therefore entitled to protection unilaterally, basically. Right. Certainly possible, Your Honor. Certainly an argument that I think... Well, of course, when he files a suit, he's deciding it. Yes. Well, and change position between what was tried and what's on appeal. So I'm getting to the point of the transaction when it occurs, to me, is highly relevant. That's right. And that's when . . . That's what Judge Personnel was focusing on. And that's what the case law tells him to focus on, to look at the time of the transaction. I'm sorry, I've gone over my time. Thank you. And we ask that you affirm. Thank you. Ms. Hernandez, you have three minutes for rebuttal. Thank you, Your Honor. I want to be clear about one fact, and that's that this plaintiff has never changed his position. And it's disingenuous for them to argue that. The reason I'm saying that is because this has been our position since summary judgment. We briefed it. They briefed it. There were reply briefs filed. And that was the issue that remained at the end of summary judgment was whether or not it was an issue of fact as to his . . . This was a bench trial, was it not? Yes, but what they're arguing . . . So what's the relevance of summary judgment? Because what they're arguing right now is that we've changed our position on appeal. We have not changed our position on appeal. That would be change your position from the trial to appeal. Correct. That's their argument. What I'm saying is this has been an issue in this case since summary judgment. I was fully briefed since summary judgment. What has summary judgment got to do with it? Because at summary judgment is when the trial court defined that the issue that he was focused on was the intent of Mr. Matos at the time that he purchased the property. And that's what eventually became phase one of the bench trial. I asked you to take a look at something for me. You did, Your Honor. You asked me to look at the issue of standing. You focused on the documents that were filed, the notices of intent, the notice of intent to foreclose, and the claim of lien. Because the trial was bifurcated . . . I want to be clear. I didn't focus on it. You did when you filed the complaint. Understood. In other words, the Fair Credit Debt Reporting Act is based on someone sending you something that you think is illegitimate. Those are the three things that you said caused violations, right? Correct. Okay. So I didn't make up anything. I'm asking you what evidence was there at the trial that showed that each of those things, each one, caused an injury to your client? The items that we just discussed right now, the two letters and the complaint. The reason that these issues were not discussed in detail at the trial court is because the only evidence that was going in was going as to the issue of intent. So we didn't get to those. And those documents were deemed to be dealing with the merits, which would have been the second section of the trial. So I just want to be clear. You agree that there was no evidence of your client's injury at the trial? At the trial, because . . . I know the because. The only evidence that there was was that he owned the property and that a claim of recorded against the property and obviously a claim of lien. Once it's published, the defamation, the injury as a result of the defamation happens upon publication. So that was the injury that existed at the time. That's the only . . . Those two facts are the only thing that you own the property and a claim of lien was recorded at some period of time. Right. And we didn't go further for the reasons I just explained. I understand that. Okay. I have 12 seconds left, Your Honor, so if I can quickly address the issue of the fact of whether or not the consumer has to receive a direct benefit. There's case law out there that does a very nice job of explaining how that scenario is addressed. When you look at a gym, the case is a gym membership. The case is a Southern District of California case. I cited it in the brief at length. It's called the Thijs case. No relation to me, T-H-I-E-S. But that case has a good explanation of explaining how when you pay assessments, even if you don't use them, you're still liable for them. It's a personal obligation to you. So just like a gym membership, and when you get those memberships at the beginning of the year, then nobody goes. Well, you're still on the line and you still have to pay for them, even if everybody else is benefiting from them, which is the same argument that applies here. You have exceeded your time. We have the case under advisement, but I'm sure this comes as no surprise. I am going to order that the parties submit supplemental briefing on the issue of standing that we've discussed here today. And for both sides, if you would care to submit that, it would be due within 10 days. Thank you, Your Honor. As I said, we have the case under advisement, and thank you very much. Thank you. Our third case is Virginia Redding v. Coloplast Corp., 2016.